THE STATE OF OHIO, APPELLANT, *v.* COLLIER, APPELLEE.

[Cite as *State v. Collier* (1991), 62 Ohio St.3d 267.]

(No. 90–2053—Submitted September 25, 1991—Decided December 18, 1991.)

*John F. Holcomb,* Prosecuting Attorney, *Daniel J. Gattermeyer* and *Daniel G. Eichel,* for appellant.

*Fred Miller,* for appellee.

---

ALICE ROBIE RESNICK, J.   The issue presented for our review is whether R.C. 2925.11 is unconstitutionally void for vagueness.   It is well established that all legislative enactments must be afforded a strong presumption of constitutionality.   *State v. Anderson* (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224; *State v. Klinck* (1989), 44 Ohio St.3d 108, 541 N.E.2d 590; *State v. Tanner* (1984), 15 Ohio St.3d 1, 15 OBR 1, 472 N.E.2d 689.   Moreover, if at all possible, statutes must be construed in conformity with the Ohio and United States Constitutions.   See *Tanner, supra,* at 2, 15 OBR at 2, 472 N.E.2d at 690, citing R.C. 1.47.   Lastly, the party asserting that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail.   *Anderson, supra,* 57 Ohio St.3d at 171, 566 N.E.2d at 1226.

R.C. 2925.11 provides in pertinent part:

"(A) No person shall knowingly obtain, possess, or use a controlled substance.

"(B) * * * This section does not apply to any person who obtained the controlled substance pursuant to a prescription issued by a practitioner, where the drug is in the original container in which it was dispensed to such person."

Appellee contends, and the appellate court agreed, that R.C. 2925.11 is unconstitutional in that it is void for vagueness.   In *Anderson, supra,* this court unanimously held that "[i]n order to prove such an assertion, the challenging party must show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.  * * *'   *Coates v. Cincinnati* (1971), 402 U.S. 611, 614 [91 S.Ct. 1686, 1688, 29 L.Ed.2d 214, 217].   In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law.   Thus, to escape responsibility * * *, appellee must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged."   *Anderson, supra,* 57 Ohio St.3d at 171, 566 N.E.2d at 1226–1227.

A tripartite analysis must be applied when examining the void-for-vagueness doctrine.   See *Papachristou v. City of Jacksonville* (1972), 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110; *Grayned v. City of Rockford* (1972), 408 U.S.

104, 92 S.Ct. 2294, 33 L.Ed.2d 222; *Kolender v. Lawson* (1983), 461 U.S. 352, 103 S.Ct. 1855, 75 L.Ed.2d 903. In *Tanner, supra,* Justice Locher instructed that "[t]hese values are first, to provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints; and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited. Proper constitutional analysis necessitates a review of each of these rationales with respect to the challenged statutory language." *Id.,* 15 Ohio St.3d at 3, 15 OBR at 3, 472 N.E.2d at 691.

The first value identified above involves the following maxim: "Living under a rule of law entails various suppositions, one of which is that '[all persons] are entitled to be informed as to what the State commands or forbids.' *Lanzetta v. New Jersey,* 306 U.S. 451, 453 [59 S.Ct. 618, 619, 83 L.Ed. 888, 890]." (Bracketed words *sic.*) *Papachristou, supra,* 405 U.S. at 162, 92 S.Ct. at 843, 31 L.Ed.2d at 115. R.C. 2925.11 may have been inartfully drafted. Yet, "[t]o be enforceable, legislation need not be drafted with scientific precision." *Anderson, supra,* 57 Ohio St.3d at 174, 566 N.E.2d at 1229. Indeed, " ' * * * few words possess the precision of mathematical symbols, most statutes must deal with untold and unforeseen variations in factual situations, and the practical necessities of discharging the business of government inevitably limit the specificity with which legislators can spell out prohibitions. * * * ' " *Id.,* quoting *Boyce Motor Lines, Inc. v. United States* (1952), 342 U.S. 337, 340, 72 S.Ct. 329, 330–331, 96 L.Ed. 367, 371. See, also, *Grayned, supra,* 408 U.S. at 110, 92 S.Ct. at 2300, 33 L.Ed.2d at 228–229. For the reasons which follow, we find that R.C. 2925.11 provides adequate notice and fair warning to persons of ordinary intelligence so that they can conform their conduct to the dictates of the statute.

R.C. 2925.11 begins with a general prohibition: "No person shall knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(A). This language is clear and unambiguous. The average person reading this portion of the statute would have little doubt as to its meaning. Indeed, the conduct prohibited is set forth with notable lucidity. Likewise, the exception to the general prohibition is readily comprehensible and understandable. R.C. 2925.-11(B) states that the prohibition against obtaining, possessing, or using a controlled substance "does not apply to any person who obtained the controlled substance pursuant to a prescription issued by a practitioner, where the drug is in the original container in which it was dispensed to such person." We see little room for speculation as to the meaning of this language. Nor would a person of ordinary intelligence need to guess as to its application. See *Columbus v. Thompson* (1971), 25 Ohio St.2d 26, 54 O.O.2d 162, 266

N.E.2d 571, syllabus. The phrase "[t]his section does not apply to * * *" is sufficiently clear to put the reader on notice that what follows is an exception to the prohibited conduct set forth in paragraph (A) of R.C. 2925.11. The statute then sets forth two conditions for the exception: (1) that the controlled substance must have been prescribed by a practitioner; and (2) that the drug must be in the original container in which it was dispensed to the possessor.

When read in light of the general prohibition, the statute simply means that a person who knowingly obtains, possesses or uses a controlled substance is in violation of the law, unless he or she obtained the controlled substance pursuant to a prescription issued by a practitioner, and the drug is in the original container in which it was dispensed to him or her. Under our recent holding in *Anderson, supra,* in order to successfully meet the standard for void for vagueness, it must be demonstrated that the statute is vague " 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. * * *' *Coates v. Cincinnati* (1971), 402 U.S. 611, 614 [91 S.Ct. 1686, 1688, 29 L.Ed.2d 214, 217]." *Id.,* 57 Ohio St.3d at 171, 566 N.E.2d at 1226. In this context, compliance with R.C. 2925.11 is not impossible, but rather clearly accomplishable. We say this for two reasons. First, all prescriptions for controlled substances are issued by practitioners with the notion that the drugs are required as part of medical treatment. Second, a pharmacist dispenses controlled substances in a prescription container which is generally labeled as such. R.C. 3719.08(D). We find that R.C. 2925.11 contains sufficient language to provide the ordinary person with adequate notice and fair warning as to the standard of conduct required by the statute.

The second value advanced by the void-for-vagueness doctrine is the prevention of arbitrary and discriminatory enforcement; hence laws must provide explicit standards for those who are charged with enforcing them. See *Grayned, supra,* 408 U.S. at 108, 92 S.Ct. at 2299, 33 L.Ed.2d at 227; *Tanner, supra,* 15 Ohio St.3d at 3, 15 OBR at 3, 472 N.E.2d at 691. Upon examining R.C. 2925.11, we find that the precision of the language leaves no discretion as to the application and enforcement of the statute. Where a person knowingly obtains, possesses or uses a controlled substance, the statute is violated unless the drug was prescribed by a practitioner, and is in the original container as dispensed to the person. Therefore, the possession or use of a controlled substance prescribed by a practitioner and stored in the original container is a reasonable benchmark to distinguish between those who have violated R.C. 2925.11 and those who have not. In order to survive a challenge on vagueness grounds, the statutory language must "define the criminal offense * * * in a manner that does not encourage arbitrary and discriminato-

ry enforcement." *Kolender, supra,* 461 U.S. at 357, 103 S.Ct. at 1858, 75 L.Ed.2d at 909. Although numerous innocent scenarios may be presented regarding almost every criminal statute, possible doubt as to enforcement by the appropriate authorities cannot give rise to constitutional infirmity. Moreover, in order to be declared unconstitutionally vague, a statute must be vague in all of its applications, assuming the statute implicates no constitutionally protected conduct. *Anderson, supra,* 57 Ohio St.3d at 173, 566 N.E.2d at 1228, fn. 2. We find that the language of the statute provides guidelines which are constitutionally adequate for both citizens and law enforcement personnel.

The third value which the vagueness doctrine addresses is the concern that fundamental constitutionally protected freedoms not be unreasonably impinged upon or inhibited. The mere fact that many people may store such drugs in containers other than the original prescription container bottle does not trigger the application of the void-for-vagueness doctrine, since there is no constitutionally protected right to obtain, possess or use a controlled substance. Likewise, appellee's overbreadth argument fails since it is generally well recognized that the overbreadth doctrine has limited application, and "outside the limited First Amendment context, a criminal statute may not be attacked as overbroad." *Schall v. Martin* (1984), 467 U.S. 253, 269, 104 S.Ct. 2403, 2412, 81 L.Ed.2d 207, 220, fn. 18, citing *New York v. Ferber* (1982), 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed.2d 1113. Because no First Amendment guarantee is impinged upon by R.C. 2925.11, the overbreadth doctrine has no application in the present case.

In summary, we hold that R.C. 2925.11 is not unconstitutionally vague. It is apparent that the legislative intent was to prohibit persons from lawfully purchasing controlled substances, and subsequently selling them to others who may not lawfully possess or use them. R.C. 2925.11 provides the appropriate notice and fair warning required by the Ohio and United States Constitutions. Moreover, R.C. 2925.11 contains sufficient guidelines to allow law enforcement officials to apply it in an evenhanded manner. The judgment of the court of appeals is reversed, and appellee's conviction is hereby reinstated.

*Judgment reversed.*

SWEENEY, HOLMES and DOUGLAS, JJ., concur.

MOYER, C.J., WRIGHT and H. BROWN, JJ., dissent.

HERBERT R. BROWN, J., dissenting. The majority finds that R.C. 2925.11(B) is not unconstitutionally vague. Because the statute neither gives adequate

notice of the prohibited conduct nor contains sufficient guidelines to ensure evenhanded enforcement, I respectfully dissent.

The void-for-vagueness doctrine requires a penal statute to define a criminal offense so that ordinary people understand what conduct is prohibited. *Kolender v. Lawson* (1983), 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909; *Columbus v. New* (1982), 1 Ohio St.3d 221, 223, 1 OBR 244, 246, 438 N.E.2d 1155, 1156–1157. The doctrine also requires the legislature to establish minimal guidelines so that the statute's enforcement is not left to the whim of policemen, prosecutors, and juries. *Kolender, supra,* 461 U.S. at 358, 103 S.Ct. at 1858, 75 L.Ed.2d at 909; *Smith v. Goguen* (1974), 415 U.S. 566, 575, 94 S.Ct. 1242, 1248, 39 L.Ed.2d 605, 613; *New, supra.*

R.C. 2925.11(A) prohibits an individual from knowingly obtaining, possessing, or using a controlled substance. R.C. 2925.11(B) provides an exception for those "who obtained the controlled substance pursuant to a prescription issued by a practitioner, *where the drug is in the original container in which it was dispensed to such person.*" (Emphasis added.)

The majority correctly states that the words of the statute are clear and unambiguous. The ambiguity of R.C. 2925.11, however, lies in the fact that the legislature did not mean what it said. While the statute makes an exception for obtaining, possessing, or using a controlled substance in its "original container," *no* exception exists for removing the controlled substance from its "original container" for *any* reason. The literal reading of the statute leads to absurdity since it is *impossible* to take medication without removing the controlled substance from the "original container."

The statute itself provides *no* standards by which the ordinary person or law enforcement officials can determine when a person taking a controlled substance is engaging in conduct the legislature intended to criminalize. According to the clear and unambiguous words, a person violates R.C. 2925.11 when emptying prescription drugs from the bottle into his hand before swallowing them, when taking pills from the bottle and carrying them to the kitchen or bathroom, when carrying medication in a pillbox, pocket, or coin purse throughout the day, the week, or on a trip. What about medication put in an envelope and given a child to take with lunch at school?

While the ordinary person may understand that the legislature could not have intended to criminalize the act of taking a pill from the "original container" just prior to swallowing it, understanding of what constitutes criminal conduct becomes increasingly murky from this point on. Just how far away from the original container must the controlled substance be in order to violate R.C. 2925.11? What circumstances justify carrying a substance without the container? The statute does not answer these critical questions.

As a result the definition of criminal conduct is left to the prosecutor and jury. Police officers, prosecutors, and courts determine that the Tonie Colliers of our society are in violation of R.C. 2925.11, while excusing junior executives who embark on business junkets, carrying a pill case which contains sleeping pills, muscle relaxants, and tranquilizers, along with their Maalox and Nuprins. Enforcement depends upon *who* the defendant is and *where* the defendant is found, rather than on the *conduct* of the defendant.

Tonie Collier violated the clear and unambiguous language of R.C. 2925.11. But so, literally, does everyone who takes prescription medication. The determination that Collier's conduct violated the statute (as opposed to, say, the possession of the identical substance in the same quantity by a banker in his office) was made entirely by the prosecutor and the jury based upon a notion that (at its best) can be described as "common sense." This is exactly the kind of unfettered discretion that the vagueness doctrine prohibits.

The court of appeals identified and properly applied well-established law to reach its unanimous decision. That decision should be affirmed.

MOYER, C.J., and WRIGHT, J., concur in the foregoing dissenting opinion.