OPINION
Appellant Royce Albaugh appeals a judgment of the Stark County Common Pleas Court finding him to be a sexual predator pursuant to Revised Code Chapter 2950:
ASSIGNMENTS OF ERROR:
 I. TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 V. THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE OF THE H.B. 180 CLASSIFICATION HEARING.
 VI. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
In 1993, the Stark County Grand Jury indicted appellant with three counts of Gross Sexual Imposition, one count of Compelling Prostitution, and one count of Child Endangering, arising from sexual abuse of a child. Appellant pled guilty to an amended indictment alleging one count of Gross Sexual Imposition with a physical harm specification, and one count of Gross Sexual Imposition without the specification. He was sentenced to an indeterminate term of incarceration of three to ten years on the first charge, and a concurrent determinate term of incarceration of two years on the second charge.
In 1996, appellant was indicted with one count of Gross Sexual Imposition, arising from the sexual abuse of a five-year-old boy as a continuous course of conduct from January 2, 1992 through April 21, 1992. Appellant pled guilty to the charge, and was sentenced to a determinate term of incarceration of eighteen months, to be served concurrently with the sentence in the prior case.
On January 1, 1997, the provisions of House Bill 180, which amended R.C. Chapter 2950, went into effect. H.B. 180 required the registration and community notification of certain sexual offenders, and in effect, enacted Ohio's version of what has become nationally known as "Megan's Law." The provisions of the new statute applied to offenders who had already been convicted of and sentenced for sexual offenses, and are incarcerated on the effective date of the statute. As a result, the warden of the Ohio penal institution where appellant was serving his sentence, recommended that appellant be classified as a "sexual predator" as defined in R.C. Chapter 2950.
In August, 1997, the Stark County Common Pleas Court conducted hearings pursuant to R.C. Chapter 2950 to determine whether appellant was a sexual predator. Because the underlying convictions arose from different courtrooms, the hearings were held by two different Judges. In both cases, appellant was found to be a sexual predator.
 I. II.
Appellant argues that the court erred in overruling his motion to dismiss the proceedings against him on the basis of expost facto and retroactive application. In State vs. Cook (1998),83 Ohio St.3d 404, the Ohio Supreme Court held that R.C.2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the retroactivity clause of Section 28, Article 2, of the Ohio Constitution, nor does it violate the ex post facto clause of Section 10, Article 1, of the United States Constitution. Id. at paragraphs one and two of the syllabus.
Accordingly, appellant's first and second Assignments of Error are overruled.
 III.
Appellant argues that the court erred in failing to dismiss the proceedings against him on double jeopardy grounds.
The issue of double jeopardy was not specifically raised or addressed in the Ohio Supreme Court's decision in Cook, supra.
However, in considering the claims raised in the Supreme Court, the court ruled that Chapter 2950 clearly is not punitive, but rather seeks to protect the safety and general welfare of the people of the state. Id. at 417, 420, 423. As the statute is not punitive in nature, its application to appellant could not violate double jeopardy.
The third Assignment of Error is overruled.
 IV.
Appellant argues that the statute is unconstitutionally vague. He specifically argues that the statutory scheme does not provide meaningful guidance as to which convicted sex offenders are included, does not specify the allocation of the burden of proof, and provides a definition of sexual predator that calls for speculation.
The Ohio Supreme Court did not consider the question of vagueness in the Cook opinion. However, Courts of Appeals who have considered the issue have found that the statute is not unconstitutionally vague. E.g., State vs. Myers (October 14, 1998), Washington App. No. 97-CA-36, unreported; State vs. Duvall
(December 30, 1998), Lorain App. No. 97-CA-006863, unreported;State vs. Beaucamp (December 11, 1998), Drake App. No. 1463, unreported; State vs. White (December 3, 1998), Franklin App. No. 98-AP-516, unreported.
It is well established that all legislative enactments are afforded a strong presumption of constitutionality. State vs.Collier (1991), 62 Ohio St.3d 267, 269. In order to prove a statute is unconstitutionally vague, the challenging party must show that the statute is vague not in the sense that it requires a person to conform his conduct to an imprecise, but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. Coates vs. Cincinnati (1971),402 U.S. 611, 614. In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law.State vs. Collier (1991), 62 Ohio St. 3d at 269.
A three-part analysis must be applied when examining whether a statute is void for vagueness. First, the statute must provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, the statute must preclude arbitrary, capricious, and discriminatory enforcement by officials; and third, the statute must ensure that fundamental constitutionally protected freedoms are not unreasonably impinged upon or inhibited. E.g., Papachristou vs. City of Jacksonville
(1972), 405 U.S. 156.
In the instant case, the challenged provisions satisfy the standard for vagueness. The statutory scheme gives detailed guidance as to the procedures to be followed in conducting H.B. 180 proceedings. The standard of proof is clear and convincing evidence; therefore, the State must prove that the offender is a sexual predator by this standard of proof before the court can make a finding that the offender is such a predator. R.C.2950.09(B)(3).
Appellant specifically argues that the a lack of precision in the definition of "sexual predator", which centers on a review of the likihood of future misconduct, creates an unconstituional vagueness. "Sexual predator" is defined as a person who has been convicted of or pleaded guilty to a sexually oriented offense, and is likely to engage in the future in one or more sexually oriented offenses. R.C. 2950.01(E).
The requirement that the court assess the likihood of future misconduct does not render the statute unconstitutionally vague. In regard to sentencing, such predictions are a routine part of the criminal law, and are considered by the courts particularly in determining whether to grant probation. Further, future dangerousness is an aggravating circumstances in the capital sentencing scheme of many states, and has upheld a constitutional challenge on the basis of vagueness. E.g., Wainwright vs. Goode
(1983), 464 U.S. 78, 86.
Appellant has not demonstrated that H.B. 180 is unconstitutionally vague.
The fourth Assignment of Error is overruled.
 V.
Appellant filed a motion to continue the H.B. 180 hearing. Appellant argued that appellant was currently incarcerated, and would not be eligible for parole or for release until well into the next century. The State did not object to the motion. However, the court proceeded with the hearing. Appellant argues that the court abused its discretion, particularly because the "sexual predator" determination was made without the benefit of considering appellant's conduct between now and his eventual release from prison.
The grant or denial of a continuance is in the sound discretion of the trial court. State vs. Unger (1981), 67 Ohio St.2d 65, syllabus. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State vs.Adams (1980), 62 Ohio St.2d 151, 157.
We first note that appellant's reliance on R.C.2950.09(B)(2)(f), in support of his argument that the court cannot evaluate all statutory factors until a portion of the sentence has been served, is misplaced. That statute provides in pertinent part:
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders.
It is apparent from a complete reading of that statutory factor that it contemplates completion of sentence for a prior offense, and not the current offense for which the court is considering the sexual predator classification. In addition, while appellant appears to argue that this factor is designed to weigh in favor of the offender, it appears that the statutory factor could weigh against the offender. If the offender previously had been convicted of a sexual offense and participated in available programs for sexual offenders, yet reoffended after his release, this factor would tend to demonstrate that the offender is, in fact, a sexual predator as defined by the statute.
In addition, it appears the statutory scheme contemplates a hearing soon after the Department of Rehabilitations and Corrections recommends that the offender be adjudicated to be a sexual predator. When the offender is to be sentenced on or after the effective date of R.C. 2950.09, the sexual predator hearing is required to be held prior to sentencing. R.C. 2950.09(B)(1). When the offender was sentenced prior to the effective date of R.C. 2950.09, and the Department of Rehabilitation recommends that the offender be adjudicated to be a sexual predator, the statute provides that upon such recommendation, the court may conduct a hearing to determine whether the offender is a sexual predator. R.C. 2950.09.
If the court schedules a hearing, the court is to give the offender and the prosecutor notice of the date, time and place of the hearing. Id. The hearing is to be conducted in the same manner as a hearing for an offender sentenced after the effective date of the statute. Id. Although the statute does not specifically set forth the timing of a hearing following receipt of a recommendation from the Department, it does not appear that the statute contemplates or requires that the court hold the hearing near the date of release of the offender.
Further, the statute does provide for the filing of an application by a sexual predator to remove the classification, based on clear and convincing evidence that the offender is unlikely to commit a sexually oriented offense in the future. R.C. 2950.09(D). If the statute contemplated the initial hearing being held near the offender's release date, there would be no reason for provision for a further application by the offender.
Appellant has not demonstrated that the court abused its discretion in denying his motion for a continuance.
The fifth Assignment of Error is overruled.
 VI.
Appellant argues that the judgment finding him to be a sexual predator is against the manifest weight of the evidence.
Although the court in Cook, supra, did not specifically address the standard of review to be applied when considering a claim that a trial court improperly classified an offender as a sexual predator, the Cook court stated in its opinion that the judgment in that case was not against the manifest weight of the evidence. 83 Ohio St.3d at 426.
A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. C.E. Morris vs. FoleyConstruction Company (1978), 54 Ohio St.2d 279.
As noted earlier, a sexual predator is statutorily defined as a person who has been convicted of a sexually oriented offense, and is likely to engage in the future in one or more sexual oriented offenses. R.C. 2950.01(E). In determining whether an individual is a sexual predator, the court is to consider the following factors:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In Case No. 1993CR03138, the Judge found pursuant to the statutory factors that appellant was over fifty years of age at the time of the offense, the victim was a child, and there was more than one victim. The court specifically found that the facts demonstrated a pattern of abuse. The court concluded that based on the exhibits admitted by the State and counsel for appellant, he found, by clear and convincing evidence, that appellant should be classified as a predator.
In Case No. 1996CR00002, the court found that appellant took advantage of a special relationship with the victim, who was his nephew. The court further found the abuse was a continuing course of conduct, and appellant had a prior history of similar conduct with other victims. Based on this evidence, the court concluded that he was likely to reoffend if and when he was released from prison.
Through prison records, appellant presented evidence that he was sixty-one years old at the time of the hearing, with coronary artery disease, obstructive pulmonary disease, angina, hypertension, and severe arthritis. He requires a walker and an inhaler. He argued that his medical condition made it unlikely that he would be able to reoffend. However, ability to reoffend at the present time is not determinative in and of itself of appellant's classification as a sexual predator. Based on the statutory factors, the judgment of the court finding appellant to be a sexual predator is not against the weight of the evidence.
Appellant also challenges the court's reliance on hearsay at the predator hearing. In Cook, the Appellate Court had determined that the trial court erred in relying on a pre-sentence investigation report, constituting hearsay. In reversing, the Ohio Supreme Court held that because a sexual predator determination hearing is similar to a sentencing or a probation hearing, the Rules of Evidence do not strictly apply, and hearsay was admissible. Cook, 83 Ohio St.3d at 425. The court based this conclusion on the fact that the determination hearing does not occur until after conviction of the underlying offense, and is intended to determine the offender's status, not his guilt or innocence.
The sixth Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Gwin, P.J. and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.