OPINION
Defendant Gary Noling, Sr. appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which found he is a sexual predator pursuant to R.C. 2950.01 et seq. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERROR
 I. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
 III. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 IV. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 V. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
On May 20, 1996, appellant was convicted and sentenced on two counts of sexual battery in violation of R.C. 2907.03, after he pled guilty. On January 1, 1997, Ohio's new sexual predator law went into effect. Subsequently, the warden of the correctional institution filed a screening form with the court, recommending the court find appellant to be a sexual predator. Appellant's counsel moved to dismiss on ex post facto and retroactivity grounds, and because he urged the statute was unconstitutionally vague. The court overruled the constitutional challenge, and on September 10, 1997, conducted a classification hearing. The court found based upon all relevant evidence, appellant met the statutory criteria for sexual predator. The court found appellant had a special relationship with the victims in the case, namely, that he was their step-father. The court found appellant took advantage of the special relationship to become involved in an abusive sexual relationship with both children, one of whom was five years old and the other six years old at the time of the offenses. The court found the offenses took place over an extended period of time and involved various sexual activities. The court further found appellant had demonstrated threats and cruelty towards the children, and the court concluded that all these facts indicated appellant should be classified as a sexual predator.
 I and II
Appellant argues the court should have sustained his motion to dismiss the proceedings against him on the basis of ex postfacto and retroactive application. Recently, in the case of Statev. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held R.C. 2950.09, as applied to conduct prior to the effective date of the statute, does not violate the retroactivity clause of Section28, Article 2, of the Ohio Constitution, nor does it violate theex post facto of Section 10, Article 1, of the United States Constitution, Cook, paragraphs 1 and 2 of the syllabus.
On the authority of Cook, supra, the first and second assignments of error are overruled.
 III
Appellant argues the court erred in not dismissed the proceedings against him on the grounds of double jeopardy. This issue was not specifically addressed by the Ohio Supreme Court inCook, supra, but the Supreme Court did rule Chapter 2950 is clearly not punitive, but rather, represents an effort to protect the safety and general welfare in the state of Ohio, Cook at 417-423. We find because the statute is not punitive in nature, its application to appellant does not violate the double jeopardy clause.
The third assignment of error is overruled.
 IV
Appellant's final constitutional challenge is that the statute is unconstitutionally vague. Appellant maintains the statute fails to provide specific guidance to courts on how to determine whether the inmate was a sexual predator, and the statute also fails to allocate the burden of proof in a proceeding such as this one.
R.C. 2950.01(E) defines a sexual predator as one who has been convicted of or pleaded guilty to committing a sexually oriented offense and who is likely to engage in the future in one or more sexually offenses. R.C. 2950.09(B)(2) provides:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
The Ohio Supreme Court did not consider the allegation of vagueness in its opinion in Cook, supra. However, the courts of appeals which have considered this issue have found the statute is not unconstitutionally vague, see State v. Myers (October 14, 1998), Washington App. No. 97CA36, unreported; State v. Duvall
(December 30, 1998), Lorain App. No. 97CA006863, unreported; Statev. Beaucamp (December 11, 1998), Drake App. No. 1463, unreported;State v. White (December 3, 1998), Franklin App. No. 98AP516, unreported.
In State v. Collier (1991), 62 Ohio St.3d 267, the Supreme Court reminded us that all legislative enactments should be afforded a strong presumption of constitutionality. In order to demonstrate a statute is unconstitutionally vague, the challenger must show the statute is vague not in the sense it requires a person to conform his conduct to an imprecise but an understandable normative standard, but rather in the sense that it specifies no standard of conduct at all, Coates v. Cincinnati
(1971), 402 U.S. 611, 614. In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what the law requires him to do,Collier at 269.
In Papachristou v. City of Jacksonville (1972), 405 U.S. 156, the Supreme Court enunciated a three-part analysis to be applied when determining whether the statute is void for vagueness. First the statute must provide fair warning to the ordinary person what behavior is required by the statute; secondly, the statute must preclude arbitrary, capricious, and discriminatory enforcement by officials; third, the statute must ensure that fundamental constitutionally protected freedoms are not unreasonably infringed upon or inhibited.
Applying this test to the statute, we find the statute satisfies the standard, and is not vague. The statutory scheme sufficiently outlines the procedures, the standard of proof, and the burden of proof.
Appellant also urges the statute is vague because it defines sexual predator in terms of one who is likely to engage in the future in one or more sexually oriented offenses. Appellant urges this invites the courts to speculate. We find the statute is not vague, because courts routinely consider such issues, for example, when determining probation and parole issues. The United States Supreme Court has held the question of future dangerousness is not unconstitutionally vague when applied as an aggravating circumstance in the capital sentencing scheme of many states, see e.g. Wainwright v. Goode (1983), 464 U.S. 278 at 86.
We find the statute is not unconstitutionally vague. Accordingly, the fourth assignment of error is overruled.
 V
Finally, appellant asserts the record does not contain clear and convincing evidence which supports a trial court's classification of appellant as a sexual predator. Appellant asserts the State proved only that he had been a sexual offender in the past. Appellant urges there is no evidence he is likely to re-offend, and thus, the trial court's findings were made without clear and convincing evidence.
The Ohio Supreme Court in Cook, supra, did not advise reviewing courts what our standard of review shall be when considering a claim the trial court improperly classified an offender as a sexual predator. However, the Cook opinion indicta, does say the judgment in the Cook case was not against the manifest weight of the evidence, Cook at 426. From this, we will infer the Ohio Supreme Court wishes us to apply the manifest weight of the evidence standard. A judgment supported by some competent, credible evidence will not be reversed as against the manifest weight of the evidence, C.E. Morris v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court reminded us the term weight of the evidence concerns the greater amount of credible evidence which offered in a trial in support of one side of the issue. The trial court here made extensive findings of fact regarding appellant's behavior. Although the trial court did not specifically find by clear and convincing evidence appellant was likely to offender in the future, it is clear the court believed the extended period of time over which this took place, the appellant's behavior, and his consistent denials justified a belief appellant was likely to re-offend.
We have reviewed the record, and we find the trial court did not err in reviewing the factors in the statute, and from that review, applied to the particular case at bar, determining appellant should be classified a sexual predator.
The fifth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Farmer, J., concur
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0122
JUDGMENT ENTRY
CASE NO. 97-CA-00364
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.
______________________________
______________________________
 ______________________________ JUDGES