DECISION AND JUDGMENT ENTRY
The State of Ohio appeals the Gallipolis Municipal Court's determination that R.C. 5577.04 (C) is unconstitutionally vague. Because, as we have previously held, R.C. 5577.04 (C) is not impermissibly vague, we reverse the judgment of the trial court.
 I.
The Ohio State Highway Patrol cited Jeffrey Adkins for operating his commercial vehicle in violation of R.C. 5577.04 (B) (3). Adkins filed a motion to dismiss the charge, arguing that R.C. 5577.04 (B) (3) is unconstitutionally vague. The trial court granted Adkins' motion upon finding that R.C. 5577.04 (B) (3) is unconstitutionally vague.
The State appeals and asserts the following assignment of error for our review:
 I. THE TRIAL COURT ERRED IN FINDING OHIO REVISED CODE § 5577.04 UNCONSTITUTIONALLY VAGUE.
 II.
In its only assignment of error, the State asserts that the trial court did not follow the test for vagueness as articulated by the United States Supreme Court in Papachristou v. City ofJacksonville (1972), 405 U.S. 156, and that R.C. 5577.04 (B) (3) is not unconstitutionally vague.
The constitutionality of a statute is a question of law, which we review de novo without any deference to the conclusion of the trial court. Rothstein v. Athens City Bd. of Zoning Appeals (Feb. 6, 1995), Athens App. No. 94CA1611, unreported. Legislative enactments enjoy a strong presumption of constitutionality. Statev. Collier (1991), 62 Ohio St.3d 267, 269.
We have previously examined in detail whether R.C. 5577.04 (B) (3) is unconstitutionally vague. See State v. Landrum (Mar. 9, 2000), Vinton App. No 99CA531, unreported; State v. Nichols (Jan. 11, 2000), Vinton App. No. 99CA532, unreported. In Nichols, we applied the tripartite test of Papachristou and held that R.C.5577.04 (B) (3) is not unconstitutionally vague. Adkins presents no arguments that persuade us to depart from our previous holding. For the reasons stated in Nichols, we find that R.C. 577.04 (B) (3) is not unconstitutionally vague. Accordingly, we sustain the State's only assignment of error and reverse the judgment of the trial court.
JUDGMENT REVERSED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed to appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallipolis Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and Evans, J.: Concur in Judgment and Opinion.
 _______________________________ Roger L. Kline, Presiding Judge