JUDGMENT ENTRY
This cause is an accelerated appeal in which defendant-appellant, Timothy Ross, appeals the decision of the Clermont County Common Pleas Court denying his motion to dismiss his indictment for tampering with drugs.
Appellant was indicted for tampering with drugs under R.C. 2925.24(B) after he was found with three different prescription drugs contained in one prescription bottle in which the label had been removed. Appellant admitted that he had placed the different drugs into a prescription bottle that was not his and removed the label. Appellant stated that he was lawfully prescribed the medications and did not want to carry separate bottles.
Appellant filed a motion to dismiss his indictment, arguing that the statute was unconstitutionally vague. The trial court overruled his motion and appellant pleaded no contest to attempted tampering with drugs and was convicted.
Appellant appeals the judgment, asserting that the motion to dismiss should have been granted because R.C. 2925.24(B) is unconstitutionally vague in that a citizen's obligations are unclear under the statute, the statute is subject to arbitrary enforcement, and the statute impinges on his protected right of privacy.
All legislative enactments enjoy a strong presumption of constitutionality. State v. Collier (1991), 62 Ohio St.3d 267, 269. The party alleging that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail. Collier at 269. When a statute is alleged to be void for vagueness, if possible, all doubts will be resolved in favor of the constitutionality of the statute. Oregon v. Lemons (1984), 17 Ohio App.3d 195, 196.
In order to survive a void for vagueness challenge, the statute at issue must be written so that a person of common intelligence is able to determine what conduct is prohibited, the statute must provide sufficient standards to prevent arbitrary or discriminatory enforcement, and fundamental constitutionally protected freedoms may not be unreasonably impinged upon. Collier at 270.
R.C. 2925.24(B) states that "[n]o person shall knowingly adulterate or alter any package or receptacle containing any dangerous drug or substitute any package or receptacle containing any dangerous drug with another package or receptacle."
Appellant argues that the intent of the statute by its use of the word "adulterate" is not clear to the ordinary citizen. "Adulterate" is defined by Webster's Third New International Dictionary (1993), in pertinent part, as follows: "to corrupt, debase, or make impure by the addition of a foreign or a baser substance;" or "to alter or treat (as an article) esp. deceptively in order to give a false value or to hide defects through some process or method not involving the addition of a spurious substance."
We find that R.C. 2925.24(B) contains sufficient language to provide the ordinary person with adequate notice and fair warning as to the standard of conduct required by the statute. See Collier at 271 (reviewing portion of former R.C. 2925.11 that dealt with exception for controlled substances held in original container). The statute clearly proscribes conduct whereby one corrupts or alters a package or receptacle containing dangerous drugs or substitutes packages or receptacles containing dangerous drugs with another package or receptacle.
We next consider the second factor in the vagueness analysis regarding arbitrary or discriminatory enforcement. We find that the statute provides guidelines that are constitutionally adequate for both citizens and law enforcement personnel. If an individual adulterates or alters a package, or substitutes packages containing dangerous drugs, he violates the statute and is subject to enforcement measures.
Finally, appellant asserts that the statute violates his constitutional right to privacy because, under the statutory language, he would be forced to expose his prescription medication in its containers to the public. Nothing in the language of R.C. 2925.24(B) requires an individual to divulge their medication or drug use to the public. We find no merit in appellant's argument that R.C. 2925.24(B) impinges on his constitutional right to privacy.
Accordingly, we find that the trial court did not err in overruling appellant's motion to dismiss. Whether or not this court agrees with the nature of the conduct proscribed by R.C. 2925.24(B), such matters are within the province of the legislature. The language of the statute sufficiently informs the ordinary citizen of the conduct being proscribed. Appellant's conduct falls within the prohibitions of the statute and there is no indication that the ordinance was selectively applied to appellant. Appellant's assignment of error is overruled.
Judgment affirmed.
Pursuant to App.R. 11.1(E), this entry shall not be relied upon as authority and will not be published in any form. A certified copy of this judgment entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.
James E. Walsh, Presiding Judge, Stephen W. Powell, Judge, and Anthony Valen, Judge, concur.