OPINION
{¶ 1} Appellant, Charles L. Ashford, Jr., appeals from the November 6, 2003 judgment entry of the Painesville Municipal Court, in which he was sentenced for drug related activities prohibited.
 {¶ 2} On March 31, 2003, a complaint was filed against appellant, charging him with one count of possession of a counterfeit controlled substance, a misdemeanor of the first degree, in violation of R.C.2925.37(A), and one count of drug related activities prohibited, a misdemeanor of the first degree, in violation of Section 513.15(A)(2) of the Painesville City Ordinance. On April 1, 2003, appellant entered a plea of not guilty at his initial appearance.
 {¶ 3} On August 11, 2003, appellant filed a motion to dismiss and suppress. A hearing was held on October 20, 2003. Pursuant to its judgment entry, the trial court granted appellant's motion to dismiss with respect to count one, possession of a counterfeit controlled substance, but denied appellant's motion to dismiss regarding count two, drug related activities prohibited, and also denied the motion to suppress.
 {¶ 4} On November 6, 2003, appellant entered a plea of no contest on count two.
 {¶ 5} On the evening of March 22, 2003, plain-clothed officers from the Painesville Police Department ("PPD") were patrolling in unmarked cars the area near the North End Lounge, located on North State Street, in response to complaints received regarding drug dealing and/or prostitution activities.
 {¶ 6} At the October 20, 2003 hearing, John T. Levicki ("Detective Levicki") with the PPD testified that he was one of the undercover officers assigned to the operation at issue. Appellant was seen attempting to flag down a vehicle operated by another undercover officer in the area of the North End Lounge. Detective Levicki and Officer Simmons, also with the PPD, responded and went to the area at approximately 1:30 a.m. Detective Levicki approached appellant, who was standing outside of the North End Lounge, and the two conversed. Detective Levicki recognized appellant through previous encounters, and knew that appellant had an extensive prior criminal record that included convictions for drug offenses. Detective Levicki warned appellant that he was prohibited from waving at traffic, hollering, and trying to solicit drug sales. Appellant responded that he understood the warning.
 {¶ 7} Approximately one hour later, Detective Levicki and Officer Simmons responded to another complaint in the area of Nebraska Street. Detective Levicki observed appellant again waving his arm and hollering as he approached the unmarked vehicle. Detective Levicki stopped in a well lighted area and exited his car. According to Detective Levicki, appellant approached him and Officer Simmons at a fast pace and said something to the effect of making this quick because there are cops everywhere.
 {¶ 8} At that time, Detective Levicki told appellant that he was a police officer, and instructed him to place his hands on the car. Detective Levicki stated that appellant's right hand was clenched in a fist and as soon as he placed his hands on the car, appellant dropped something that struck the top of Detective Levicki's foot. Detective Levicki looked on the ground and saw small white rocks which appeared to him to be crack cocaine. However, the rocks were later found to be driveway stones. Appellant was subsequently arrested.
 {¶ 9} Pursuant to its November 6, 2003 judgment entry, the trial court sentenced appellant to thirty days in jail, which was suspended subject to the condition that he completes a chemical abuse program. The trial court also placed appellant on probation for twelve months, and ordered him to pay a fine in the amount of $200 plus costs. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 10} "[1.] The trial court erred to the prejudice of [appellant] when it overruled his motion to dismiss the charge of drug-related activities prohibited in violation of his rights to due process as guaranteed by the Fifth and Fourteenth Amendments [to the] United States Constitution and Sections 2 and 10, Article I of the Ohio Constitution.
 {¶ 11} "[2.] Painesville City Ordinance 513.15 violates individual rights to freedom of speech as guaranteed by the First and Fourteenth
Amendments to the United States Constitution and Section 11 of the Ohio Constitution."
 {¶ 12} In his first assignment of error, appellant argues that the trial court erred when it overruled his motion to dismiss the charge of drug related activities prohibited in violation of his rights to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Sections 2 and 10, Article I of the Ohio Constitution. Appellant posits three issues for review. In his first issue, appellant contends that the trial court erred when it overruled his motion to dismiss on the basis that Painesville City Ordinance 513.15 is unconstitutionally overbroad. In his second issue, appellant alleges that the trial court erred when it overruled his motion to dismiss on the basis that Painesville City Ordinance 513.15 is unconstitutionally vague and therefore void. In his third issue, appellant stresses that the trial court erred when it overruled his motion to dismiss on the basis that Painesville City Ordinance 513.15 and the rebuttable presumption contained in that section are a violation of procedural due process as guaranteed by the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 13} State v. Collier (1991), 62 Ohio St.3d 267, 269, states: "[i]t is well established that all legislative enactments must be afforded a strong presumption of constitutionality. * * * Moreover, if at all possible, statutes must be construed in conformity with the Ohio and United States Constitutions. * * * Lastly, the party asserting that a statute is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail. * * *" (Citations omitted.)
 {¶ 14} This court stated in State v. Farmer (Mar. 13, 1992), 11th Dist. No. 91-A-1620, 1992 Ohio App. LEXIS 1102, at 11, that: "`(* * *) the overbreadth doctrine prohibits a statute from making innocent or constitutionally protected conduct criminal. (* * *) The harm from an overbroad statute is its chilling effect on constitutionally protected or otherwise lawful conduct.' Record Revolution No. 6, Inc. v. Parma
(C.A.6, 1980), 638 F.2d 916, 927 * * *. Overbroad statutes like those which are vague, deter privileged activity. Grayned v. Rockford (1972),408 U.S. 104. * * *"
 {¶ 15} Section 513.15 of the Painesville City Ordinance provides that:
 {¶ 16} "(a) No person shall engage in the following behavior in or about any public place, or any place open to the public, or any private place visible from a public place, with the specific intent to engage in drug-related activity contrary to the provisions of Chapters 2925 or 4729 of the Ohio Revised Code, or Chapter 513 of these Codified Ordinances.
 {¶ 17} "(1) Repeatedly stop, beckon to, or attempt to stop passersby;
 {¶ 18} "(2) Repeatedly stop, beckon to, or attempt to stop motor vehicles, by hailing, waiving arms, or making other bodily gestures;
 {¶ 19} "(3) Act as a lookout;
 {¶ 20} "(4) Repeatedly interfere with the free passage of other persons; or
 {¶ 21} "(5) Transfer small objects or packages in a furtive or surreptitious fashion in exchange for currency or any other thing of value, such as to lead an observer to believe or ascertain that a drug sale has or is about to occur.
 {¶ 22} "(b) It is prima facie evidence of a violation of this section when a law enforcement officer observes any of the activities described in subsections (a)(1) through (a)(5) hereof.
 {¶ 23} "(c) For purposes of prosecution for a violation of this section, it shall be a rebuttable presumption that a person has the specific intent to engage in drug-related activity contrary to the provisions of Chapters 2925 or 4729 of the Ohio Revised Code, or Chapter 513 of these Codified Ordinances if the person persists in one or more of the behaviors described in subsections (a)(1) through (a)(5) hereof after a law enforcement officer gives the person reasonable warning to desist, and:
 {¶ 24} "(1) The person is a known drug offender, user, possessor or seller; or
 {¶ 25} "(2) The person is identified by law enforcement officers as a member of a gang or association, which has engaged in illegal drug activity.
 {¶ 26} "This rebuttable presumption shall not apply if the person is engaged in otherwise lawful activity at the time, and when questioned by a law enforcement officer, provides a credible explanation of his or her conduct that is consistent with lawful activity.
 {¶ 27} "(d) Whoever violates this section is guilty of engaging in prohibited drugrelated activities, a misdemeanor of the first degree."
 {¶ 28} In the case at bar, appellant argues that the foregoing ordinance is overbroad because it criminalizes a substantial amount of constitutionally protected activity. Appellant further contends that the ordinance infers his specific intent to commit a drug related crime and relies on Akron v. Rowland (1993), 67 Ohio St.3d 374. However, the Supreme Court of Ohio in Rowland declared the Akron ordinance unconstitutional because it lacked the element of specific intent.
 {¶ 29} Here, in contrast to Rowland, the element of specific intent is explicitly stated in Section 513.15(a), the first paragraph of the ordinance. Although we agree with appellant that the ordinance also infers specific intent, as will be discussed in appellant's third issue, appellant's reliance on Rowland here is misplaced. In addition, appellant fails to establish how Section 513.15 infringed upon any lawful conduct on his part. See Collier, supra, at 269. Based on the foregoing, Section513.15 is not unconstitutionally overbroad. Appellant's first issue is without merit.
 {¶ 30} In his second issue, appellant asserts that Section 513.15 is unconstitutionally vague.
 {¶ 31} In Perez v. Cleveland (1997), 78 Ohio St.3d 376, 378, the Supreme Court of Ohio stated that:
 {¶ 32} "[i]n Grayned[, supra, at] 108-109 * * *, the United States Supreme Court set out the following guidelines for evaluating a void-for-vagueness claim:
 {¶ 33} "`Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them.' * * * Accordingly, when a statute is challenged under the due process doctrine of vagueness, a court must determine whether the enactment (1) provides sufficient notice of its proscriptions and (2) contains reasonably clear guidelines to prevent official arbitrariness or discrimination in its enforcement. Smith v. Goguen (1974), 415 U.S. 566 * * *." (Parallel citations omitted.)
 {¶ 34} In the case sub judice, appellant alleges that Section 513.15
fails to inform a person of ordinary intelligence specifically what conduct is criminal. In particular, appellant maintains that it is unclear what is meant by "repeatedly," "beckon," "other bodily gestures," "otherwise lawful activity," "credible explanation," and "consistent with lawful activity." We disagree.
 {¶ 35} The ordinance at issue lists five types of behavior which are specifically prohibited. Again, appellant was sentenced on one count of drug related activities prohibited, a misdemeanor of the first degree, in violation of Section 513.15(a)(2) of the Painesville City Ordinance. The ordinance is clear that a person shall not repeatedly stop, beckon to, or attempt to stop motor vehicles, by hailing, waiving arms, or making other bodily gestures in order to engage in drug-related activity. As such, based on Perez and Grayned, supra, the ordinance provides a person of ordinary intelligence a reasonable opportunity to know what is prohibited so that he or she may act accordingly. Appellant's second issue is without merit.
 {¶ 36} In his third issue, appellant stresses that the trial court erred by overruling his motion to dismiss on the basis that Section 513.15, including the rebuttable presumption section, are a violation of due process. Appellant suggests that the ordinance requires him to prove his innocence, rather than requiring the state to prove his guilt, by inferring his specific intent to commit a drug crime. We agree.
 {¶ 37} "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." In reWinship (1970), 397 U.S. 358, 364. "`Due process commands that no man shall lose his liberty unless the Government has borne the burden of . . . convincing the factfinder of his guilt.'" Id., quoting Speiser v.Randall (1958), 357 U.S. 513, 525-526.
 {¶ 38} This court stated in State v. Furman, 11th Dist. No. 2001-L-213, 2003-Ohio-2100, at ¶ 28, that:
 {¶ 39} "[i]n Mullaney v. Wilbur (1975), 421 U.S. 684, 704 * * *, the United States Supreme Court held that the Due Process Clause requires that the state has the burden of proving every element of the crime beyond a reasonable doubt * * *. However, Mullaney was implicitly modified by Patterson v. New York (1977), 432 U.S. 197 * * *, in which the Supreme Court found a New York statute not to be unconstitutional even though it placed the burden of persuasion upon the accused of the `affirmative defense' of extreme emotional disturbance. The distinction made by the Supreme Court was that the Maine statute in Mullaney, unlike the New York statute in Patterson, shifted to the defendant the burden of proof with respect to an essential element of the crime. Therefore, pursuant to Patterson and Mullaney, the state may properly place the burden of proving affirmative defenses on a defendant, but the state may not presume that an element of a crime exists as a result of given conduct and then place the burden of showing otherwise on the defendant. * * *" (Parallel citations omitted.)
 {¶ 40} Here, the rebuttable presumption contained in the ordinance shifts the burden of proof from the state to appellant. Section 513.15(c) of the ordinance clearly shows that the state is not required to prove specific intent. Instead, the ordinance infers specific intent based on prior conduct. The ordinance requires appellant to prove his innocence, rather than requiring the state to prove his guilt, by inferring his specific intent to commit a drug-related activity. In addition, the ordinance requires appellant to provide a credible explanation for his conduct, if he wishes to rebut the presumption of his guilt. Also, Section 513.15(d) clearly presumes appellant's guilt at the time of arrest, without requiring the state to prove it beyond a reasonable doubt. Thus, appellant's due process rights to have the state prove every element of the offense beyond a reasonable doubt were violated. Appellant's third issue is with merit. Therefore, appellant's first and second issues in his first assignment of error are not well-taken, and his third issue is well-taken.
 {¶ 41} In his second assignment of error, appellant argues that Section 513.15 of the Painesville Ordinance violates individual rights to freedom of speech as guaranteed by the First and Fourteenth Amendments to the United States Constitution and Section 11 of the Ohio Constitution.
 {¶ 42} In the instant matter, appellant's brief which was filed with this court on August 25, 2004, complies with App.R. 16(A)(3) and Loc.R. 12(C)(1) since it provides a statement of the assignments of error presented for review. However, appellant's brief fails to provide an argument with respect to the second assignment of error in violation of App.R. 16(A)(7) and Loc.R. 12(C)(4). Thus, appellant's second assignment of error will not be addressed.
 {¶ 43} For the foregoing reasons, appellant's first and second issues contained in his first assignment of error are not well-taken, and appellant's third issue in his first assignment of error is with merit. Appellant's second assignment of error will not be addressed due to his failure to comply with App.R. 16(A)(7) and Loc.R. 12(C)(4). The judgment of the Painesville Municipal Court is reversed and judgment is entered for appellant.
Nader, J., Ret., Eleventh Appellate District, sitting by assignment, concurs.
Grendell, J., dissents with Dissenting Opinion.