OPINION
Defendant Todd Iden appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which classified him as a sexual predator pursuant to R.C. 2950.09. Appellant assigns seven errors to the trial court:
ASSIGNMENTS OF ERRORS
 THE TRIAL COURT ERRED IN OVERRULING APPEALLANT'S [SIC] MOTION TO DISMISS THE HOUSE BILL 180 (HEREINAFTER H.B. 180) PROCEEDINGS AGAINST HIM ON EX POST FACTO GROUNDS.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON RETROACTIVE APPLICATION GROUNDS.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS THE H.B. 180 PROCEEDINGS AGAINST HIM ON DOUBLE JEOPARDY GROUNDS.
 THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO DISMISS BECAUSE H.B. 180 IS UNCONSTITUTIONALLY VAGUE.
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE OF THE H.B.180 CLASSIFICATION HEARING.
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A PREDATOR IN VIOLATION OF A WRITTEN AND JOURNALIST PLEA AGREEMENT.
On July 2, 1993, appellant was indicted on one count of rape as a co-defendant of Jeff A. Glaber. Appellant pled guilty on September 27, 1993, and was sentenced to five to twenty-five years in a state correctional institution. This was accomplished by means of a plea bargain agreement wherein appellant agreed to cooperate in the prosecution of Jeff Glaber. The State recommended the minimum sentence and parole at the earliest eligible date, but did not include any reference to any classifications. On January 1, 1997, Ohio's new sexual predator law went into effect. Subsequently, the Warden of the Warren Correctional Institution where appellant is an inmate filed a screening form with the court, recommending appellant be adjudicated as a sexual predator. Appellant moved to dismiss the action on constitutional grounds, but the court overruled them, and proceeded on August 5, 1997 to take evidence on appellant's classification. On September 12, 1997, the court entered its finding appellant is a sexual predator.
The evidence at the classification hearing consisted of the Bill of Particulars, a judgment entry of conviction, a transcript of appellant's statement to police, and pages from a Carroll County pre-sentencing investigation report.
The trial court found appellant should be classified as a sexual predator for notification and registration purposes because he was presently confined in an Ohio penal institution serving a sentence for a sexually oriented offense. The court further found by clear and convincing evidence the appellant had a previous conviction on two prior sexual offenses, a sexual battery in Carroll County, Ohio, in 1991, and a second offense, a rape conviction in Stark County which occurred in 1993, while the appellant was on shock probation from the sexual battery offense. The court detailed the particulars of the offenses, pointing out the violence and brutality which occurred. The court concluded the pattern of conduct clearly showed without any doubt the appellant is a violent sexual predator demonstrating a high likelihood of re-offending upon release.
 I and II
Appellant argues the court erred in overruling his motion to dismiss the proceedings against him on the basis of ex post facto
and retroactive application. In State v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court held R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the retroactivity clause of Section 28, Article 2
of the Ohio Constitution, nor does it violate the ex post facto
clause of Section 10, Article 1 of the United States Constitution. See paragraphs one and two of the syllabus.
The first and second assignment of error are overruled.
 III
Next, appellant argues the court should have dismissed the proceedings against him on double jeopardy grounds.
The issue of double jeopardy was not specifically raised or addressed in the Supreme Court's decision on Cook, supra. However, in considering the claims raised, the Supreme Court, ruled that Chapter 2950 is clearly not punitive, but rather seeks to protect the safety and general welfare of the people of the State, Cook at 417-423. Because the statute is punitive in nature, it follows its application to appellant could not violate the principles of double jeopardy.
The third assignment of error is overruled.
 IV
Appellant argues the statute is unconstitutionally vague, because he claims the scheme set forth does not provide meaningful guidance as to which convicted sex offenders are included, does not specify the allocation of the burden of proof, and provides a definition of sexual predator that calls for speculation.
The Ohio Supreme Court did not consider the issue of vagueness in its opinion in Cook. However, courts of appeals which have considered this issue have found the statute is not unconstitutionally vague. See State v. Myers (October 14, 1998), Washington Appellate No. 97-CA-36, unreported; State v. Duvall
(December 30, 1998), Lorain Appellate No. 97-CA-006863, unreported; State v. Beaucamp (December 11, 1998), Drake Appellate No. 1463, unreported; State v. White (December 3, 1998), Franklin Appellate No. 98AP516, unreported.
Courts afford all legislative enactments a strong presumption of constitutionality, State v. Collier (1991), 62 Ohio St.3d 267,269. In order to prove a statute is unconstitutionally vague, the challenger must show the statute is vague not in the sense it requires a person to conform his conduct to an imprecise but nevertheless comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all, Coates vCincinnati (1971), 402 U.S. 611, 614. In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence cannot understand what the law requires him to do, Collier, supra,at 269.
We apply a three-part analysis in examining whether the statute is void for vagueness. First, the statute must provide fair warning to the ordinary citizen so his behavior may comport with the dictates of the statute. Secondly, the statute must preclude arbitrary, capricious, and discriminatory enforcement by officials. Finally, the statute must insure fundamental constitutionally protected freedoms are not unreasonably impinged upon or inhibited, Patachristou v. City of Jacksonville (1972)405 U.S. 156.
Here, the challenged provisions satisfy the standard for vagueness. The statutory scheme gives sufficient guidance as to the procedures to be followed in conducting H.B. 180 proceedings. The standard of proof is set forth as clear and convincing evidence and therefor the State must prove the offender is a sexual predator by this standard before the court can make a finding.
The statute defines sexual predator as a person who has been convicted of or pleaded guilty to a sexually oriented offense and who is likely to engage in the future in one or more sexually oriented offenses, R.C. 2950.01 (E).
Finally, the court is required to assess the likelihood of future misconduct. This does not render the statute unconstitutionally vague, because courts routinely make such predictions, particularly in probation matters. Further dangerousness is an aggravating circumstance in the capital sentencing scheme of many states, and the Supreme Court upheld the constitutional challenges on the basis of vagueness to those statutes, see e.g., Wainwright v. Goode (1983), 464 U.S. 78 at 86.
We find the statute is sufficiently definite. The fourth assignment of error is overruled.
 V
Appellant filed a motion to continue the H.B. 180 hearing, arguing appellant was currently incarcerated and was not eligible for parole or release until the year 2004. Appellant argues the court abused its discretion in overruling his motion, because the sexual predator determination was made without benefit of being able to consider appellant's conduct between now and his eventual release from prison.
A motion for continuance is directed to the sound discretion of the trial court, State v. Unger (1981), 67 Ohio St.2d 65. The Supreme Court has defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see State v. Adams (1980), 62 Ohio St.2d 151 at 157.
Appellant relies on R.C. 2950.09(B)(2)(f). That lists as one of the statutory factors for the court to consider whether the offender participated in available programs for a sexual offender. Appellant argues to classify a prisoner years in advance of his release denies the prisoner the opportunity to work on a positive institutional record which the court will take into consideration. Appellant argues he should have had the opportunity to develop seven years of evidence relevant to his classification, but the court denied him that opportunity.
The statute appellant cites refers to prior offenses, not the offense for which the prisoner is currently incarcerated. Appellant urges this factor could weigh in his favor, but the statutory factor could equally weigh against him. The court can review his previous conviction and participation in available programs for sexual offenders, and conclude because he reoffended after his release, this demonstrates the offender is in fact a sexual predator and has a likelihood to reoffend again.
Furthermore, the statutory scheme contemplates adjudication soon after the Department of Rehabilitation and Correction recommends the offender be adjudicated as a sexual predator. If the offender is to be sentenced on or after the effective of the statute, the court must hold the sexual predator hearing prior to sentencing, see R. C. 2950.09(B). In cases where the offender was sentenced prior to the effective date of the statute, the statute provides the court may conduct a hearing to determine whether the offender is a sexual predator. The statute does not specifically set forth the timing of a hearing following receipt of a recommendation from the department, but the statute clearly does not contemplate or require the Board hold the hearing on the classification near the date of release.
Furthermore, the statute provides for the filing of an application by a sexual predator to remove or reduce a classification, based upon clear and convincing evidence the offender is unlikely to commit a sexually oriented offense in the future, see R.C. 2950.09(D). If the statute contemplated the initial hearing being held near the release date, there would be no reason for providing a means to challenge the classification later.
We find the trial court did not abuse its discretion in overruling the motion for a continuance. The fifth assignment of error is overruled.
 VI
Appellant argues the judgment finding him to be a sexual predator is against the manifest weight of the evidence. Although the Supreme Court in Cook, supra, did not specifically address the standard of review for us to apply when considering a claim a court improperly classified an offender, the Cook court did state the judgment in Cook was not against the manifest weight of the evidence, Cook, supra, at 426. Judgments supported by some competent and credible evidence is going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence, see e.g. C.E.Morris Company v. Foley Construction Company (1978), 54 Ohio St.2d 279. We will apply this standard of review to the case before us.
R.C. 2950.09(B)(2) states in pertinent part:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) the age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
We have reviewed the record placed before the trial court, and we find there was sufficient competent and credible evidence presented to the court appellant had demonstrated a pattern of violent and brutal sexual behavior and had failed to rehabilitate himself during his previous incarcerations. We find the trial court's judgment is not against the manifest weight of the evidence. Accordingly, the sixth assignment of error is overruled.
 VII
Finally, appellant argues classifying him as a sexual predator violates the written and journalized plea agreement filed in the conviction. While we concede the agreement mentioned nothing about the classification, the agreement was entered into in 1993, long before H.B. 180 was ever envisioned. Appellant urges the agreement does not keep the door open for modifications at a later date, except if appellant did not cooperate in the prosecution of his co-defendant.
We find the registration and notification requirements of the statute are conditions imposed upon offenders after their release from prison. This does not affect any plea agreement previously entered into between the offender and the state. The Supreme Court in Cook has found the classification does not constitute punishment. The negotiated plea agreement dealt with appellant's plea, his cooperation in Glaber's prosecution, and the punishment. The offender's classification falls outside the scope of the plea agreement in the contemplation of both parties. We find classifying appellant pursuant to the new statute does not violate the plea agreement.
The seventh assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
By Gwin, P.J., Hoffman, J., and Farmer, J., concur
______________________________
______________________________
 ______________________________ JUDGES
WSG:clw 0205
JUDGMENT ENTRY
CASE NO. 1997-CA-00365
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.
______________________________
______________________________
 ______________________________ JUDGES