DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Steven Chojnacki, appeals from the judgment of the Medina County Court of Common Pleas which found him to be a sexual predator. This Court affirms.
 I {¶ 2} In 1994, appellant was convicted of seven counts of rape involving four different minor, female victims, including his daughter. Following challenges to the applicability of Ohio's sexual predator law, the matter proceeded in the trial court. On June 13, 2005, appellant moved to dismiss the sexual predator hearing, arguing that the registration requirements contained in R.C. 2950.04 were unconstitutionally vague. The trial court orally denied appellant's motion during the sexual predator hearing.
 {¶ 3} At the hearing, the State introduced evidence through Officer Leonard Bouman. Officer Bouman testified that he had worked on the investigation surrounding appellant's crimes and was familiar with the earlier trial. Officer Bouman stated that appellant's crimes involved four victims, each a female under the age of majority. Officer Bouman testified that one of appellant's victims was his own daughter and was under the age of thirteen when she was first raped by appellant. Officer Bouman also noted that several of appellant's convictions resulted from rape of a minor under the age of thirteen. Officer Bouman continued, stating that each victim testified that appellant used alcohol with them during the sexual assaults.
 {¶ 4} Appellant then took the stand during the hearing. Appellant continued to maintain that he had never performed any of the acts for which he had been convicted. Next, appellant detailed the successes he has had in prison. For example, appellant testified that he uses his skill in carpentry to make toys for underprivileged children.
 {¶ 5} At the conclusion of the hearing, the trial court found appellant to be a sexual predator. Appellant timely appealed the trial court's determination, raising two assignments of error for review.
 II ASSIGNMENT OF ERROR I
"THE TRIAL COURT ERRED IN DETERMINING APPELLANT TO BE A SEXUAL PREDATOR WHERE CLEAR AND CONVINCING EVIDENCE DID NOT SUPPORT THAT FINDING."
 {¶ 6} In his first assignment of error, appellant alleges that the trial court erred in finding him to be a sexual predator. Specifically, appellant argues that the State did not produce clear and convincing evidence that he is a sexual predator. This Court disagrees.
 {¶ 7} R.C. 2950.01(E)(1) defines a sexual predator as an individual who "has been convicted of or pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." In making this determination, a trial court must consider all relevant factors, including the following, which are contained in R.C. 2950.09(B)(3):
"(a) The offender's * * * age;
"(b) The offender's * * * prior criminal * * * record * * *, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed * * *;
"(d) Whether the sexually oriented offense for which sentence is to be imposed * * * involved multiple victims;
"(e) Whether the offender * * * used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender * * * previously has been convicted of or pleaded guilty to * * * a criminal offense, whether the offender * * * completed any sentence * * * imposed for the prior offense * * * and, if the prior offense * * * was a sex offense or a sexually oriented offense, whether the offender * * * participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender * * *;
"(h) The nature of the offender's * * * sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender * * *, during the commission of the sexually oriented offense for which sentence is to be imposed * * *, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's * * * conduct."
 {¶ 8} While the trial court must consider all the factors listed in R.C. 2950.09(B)(3), not every factor need be established before an individual is adjudicated a sexual predator. State v. Smith (June 2, 1999), 9th Dist. No. 18622. "[T]he clear-and-convincing-evidence standard require[s] the state to present evidence that would give the court a firm belief or conviction that [a] defendant [is] likely to commit another sexually oriented offense in the future." (Alterations sic.)State v. Williams (2000), 88 Ohio St.3d 513, 533, quotingState v. Ward (1999), 130 Ohio App.3d 551, 569. See, also,State v. Bolyard, 9th Dist. No. 20801, 2002-Ohio-2203, at ¶ 10;State v. Trakas (Feb. 6, 2002), 9th Dist. No. 01CA007871. The clear and convincing evidence standard "is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." State v.Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v.Ledford (1954), 161 Ohio St. 469, 477.
 {¶ 9} This Court will overturn a sexual predator determination only upon a finding that the trial court's decision was clearly erroneous. State v. Unrue, 9th Dist. No. 21105, 2002-Ohio-7002, at ¶ 6. As long as some competent, credible evidence supports the classification, we must affirm the court's decision. Id. In other words, reversal is reserved for exceptional cases where a judgment is so contrary to all reasonable inferences which could be drawn from the evidence that the result is a "complete violation of substantial justice[.]"Shepherd v. Freeze, 9th Dist. No. 20879, 2002-Ohio-4252, at ¶ 8, quoting Royer v. Bd. of Edn. (1977), 51 Ohio App.2d 17, 20.
 {¶ 10} This Court begins by noting that:
"[T]he overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of [the] offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." (Citations omitted.) State v.Maynard (1999), 132 Ohio App.3d 820, 826, quoting State v.Daniels (Feb. 24, 1998), 10th Dist. No. 97APA06-830. Appellant was convicted of seven counts of rape. The counts involved four victims, each of whom was a minor. Several of appellant's convictions involved children under the age of thirteen. See R.C.2950.09(B)(3)(c). As such, the reasoning espoused in Maynard
involving the likelihood of recidivism is applicable.
 {¶ 11} Furthermore, each of the four victims testified that appellant used alcohol to impair them during the crimes. See R.C.2950.09(B)(3)(e). In addition, appellant's crimes involved multiple victims and included acts which spanned several years. As such, his crimes demonstrated a pattern of abuse. See R.C.2950.09(B)(3)(h). This Court is also mindful that appellant's position of authority, as the father of one his victims, undoubtedly played a role in his crime. Finally, appellant has shown no remorse for his crimes, continuing to deny any involvement in those crimes, and he has taken no classes and been involved in no treatment programs despite their availability. See R.C. 2950.09(B)(3)(j).
 {¶ 12} While appellant presented evidence that he has performed well while incarcerated, his behavior in prison does not negate his behavior while not monitored by the State of Ohio. Given the evidence before the trial court, this Court cannot say that the trial court's determination was clearly erroneous. Appellant's first assignment of error is overruled. Court of Appeals of Ohio, Ninth Judicial District
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS/DISMISS, WHERE THE REGISTRATION PROVISIONS OF [R.C.2950.04(A)(1)-(4)] REQUIRING AN OFFENDER TO REGISTER WITHIN FIVE DAYS OF THE OFFENDER'S COMING INTO A COUNTY IN WHICH THE OFFENDER RESIDES OR TEMPORARILY IS DOMICILED FOR MORE THAN FIVE DAYS, IS UNCONSTITUTIONALLY VAGUE AND, THUS, VOID-FORV-AGUENESS."
 {¶ 13} In his second assignment of error, appellant argues that R.C. 2950.04 is unconstitutionally vague. Specifically, appellant asserts that the five-day requirement contained in R.C.2950.04 is too vague to be enforceable. This Court disagrees.
 {¶ 14} Legislative enactments are afforded a strong presumption of constitutionality. State v. Collier (1991),62 Ohio St.3d 267, 269. When possible, statutes are to be construed in favor of conformity with the Ohio and United States Constitutions. Id. A party asserting that a statute is unconstitutional must prove that the statute is unconstitutional beyond a reasonable doubt. Id.
 {¶ 15} When asserting that a statute is unconstitutional because it is void for vagueness, the challenging party must show that the statute is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." Coates v. Cincinnati (1971), 402 U.S. 611, 614. Therefore, the challenger must show that, after examining the statute, a person of ordinary intelligence would not be able to understand what he is required to do under the law. State v. Anderson (1991), 57 Ohio St.3d 168, 171. Accordingly, the challenger must prove beyond a reasonable doubt "that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." Id.
 {¶ 16} Appellant challenges the constitutionality of R.C.2950.04, asserting that the provisions contained in R.C. 2950.04
requiring him to register within five days of entering a county are unconstitutionally vague. Specifically, appellant argues that the following provision is impermissibly vague:
"Each of the following types of offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense that is not a registration-exempt sexually oriented offense shall register personally with the sheriff of the county within five days of the offender's coming into a county in which the offender resides or temporarily is domiciled for more than five days[.]" R.C. 2950.04(A)(1).
Our sister court, the Third District, recently rejected the precise argument raised by appellant.
 {¶ 17} The Third District held as follows:
"Sommerfield also argues that R.C. 2950.04 is vague because it is impossible to ascertain what the language `more than five days' means. Specifically, in the instant case the jury's question to the court was whether or not the statute required the person to register after residing in the location for five consecutive days or simply five days total in one's lifetime.
"The phrase in question is certainly ambiguous-the language does not specify which [of] these two meanings is applicable. However, the language `for more than five days,' though seemingly ambiguous, is clarified when read in context of the entire statute. `Even if the words are ambiguous, a `holistic approach' to statutory construction confirms that a seemingly indistinct provision `is often clarified by the remainder of the statutory scheme.'
"The statute requires the offender to register `within five days of the offender's coming into a county in which the offender resides or temporarily is domiciled for more than five days * * *.' This cannot mean that a person must register after residing in one place for five total days in a lifetime. On the one hand, Sommerfield points out that such an interpretation of the statute would lead to an absurd result-if a person stayed at the same hotel when frequently traveling to an Ohio city on business that person would have to register after staying at the hotel for the fifth time. Since the person would be currently `living' at the hotel for each of the five days he spent there, he would have to register under the statute. In other words, if the later language conditioning registration on residing in the county for more than five days means `five days in a lifetime,' the offender could never be sure if he would have to register because he would never know whether or not he may happen to come back to that place four more times in his lifetime. This is clearly not the intended purpose of the statute.
"More importantly, interpreting the statute to mean `more than five days in a lifetime' is not viable. The statute requires the affirmative act of registering `within five days of coming into the county.' This means that the offender must register within five days of the first day spent residing or being temporarily domiciled in the county. Thus, the requirement to register is predicated on the offender residing in the county for more than five days, but the act of registering is mandated to occur within five days of the first day. Put another way, the offender must register within five days of coming into the county, but only if he has resided in the county for five days. The only possible way these two conditions can be reconciled is if the statute means `five consecutive days.'
"Based on the foregoing, we find that there is a reasonable and practical construction of the language in R.C. 2950.04(A)(1), and therefore the statute gives adequate notice of the duty to register and when registration must occur. There is only one plausible interpretation of the language requiring the offender to register within five days-that they be five consecutive days. Moreover, the statute does not authorize or encourage arbitrary enforcement, because enforcement is mandated as soon as the offender fails to register. Accordingly, being mindful of the presumption of constitutionality, we find that R.C. 2950.04 is not unconstitutionally vague." (Internal citations and emphasis omitted.) State v. Sommerfield, 3d Dist. No. 14-05-23,2006-Ohio-1420, at ¶ 21-25.
We agree with the reasoning set forward by Sommerfield. The only logical meaning of R.C. 2950.04's five day requirement is five consecutive days. Accordingly, like the Sommerfield
court, we find that R.C. 2950.04 is not unconstitutionally vague. Appellant's second assignment of error is overruled.
 III {¶ 18} Appellant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Whitmore, P.J., Boyle, J., concur.