[Cite as *State v. Jacobs*, 2013-Ohio-3797.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     26667 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| LAURA M. JACOBS | STOW MUNICIPAL COURT<br>COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     2011 TRD 5575 |

DECISION AND JOURNAL ENTRY

Dated: September 4, 2013

CARR, Judge.

{¶1}    Appellant, Laura Jacobs, appeals the judgment of the Stow Municipal Court. This Court affirms.

I.

{¶2}    On June 21, 2011, the Stow police cited Laura Jacobs with one count of improperly approaching a stationary public safety vehicle in violation of R.C. 4511.213. Jacobs initially pleaded not guilty to the charge. On July 5, 2011, Jacobs filed a motion to dismiss the charge based on the unconstitutionality of R.C. 4511.213. The State promptly responded, and Jacobs replied thereto. On August 31, 2011, a magistrate's decision was journalized that denied Jacobs' motion to dismiss. On September 12, 2011, Jacobs filed objections to the magistrate's decision. On September 21, 2011, the trial court issued an order independently addressing the issues raised in the motion and denying it. Jacobs subsequently entered a plea of no contest and

was found guilty. A fine of $50 and court costs were imposed, and the sentence was stayed pending an appeal.

{¶3} While Jacobs filed a notice of appeal, this Court issued a journal entry dismissing the appeal on May 22, 2012, on the basis that the sentencing entry terminating the action was signed by a magistrate, not a judge. On June 28, 2012, the trial court issued a separate sentencing entry signed by the trial judge. Jacobs filed a timely notice of appeal.

{¶4} On appeal, Jacobs raises three assignment of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY FAILING TO SUSTAIN APPELLANT'S OBJECTION ASSERTING THAT THE ENTIRE STATUTE OF [R.C.] 4511.213 IS AT ISSUE, IN LIEU OF A SPECIFIC SUBSECTION LISTED ON THE CITATION.

{¶5} In her first assignment of error, Jacobs argues that the trial court erred by failing to sustain her objection to the magistrate's decision which did not address the constitutionality of R.C. 4511.213 in its entirety. This Court disagrees.

{¶6} Jacobs was charged with violating R.C. 4511.213, which states:

(A) The driver of a motor vehicle, upon approaching a stationary public safety vehicle, an emergency vehicle, or a road service vehicle that is displaying the appropriate visual signals by means of flashing, oscillating, or rotating lights, as prescribed in section 4513.17 of the Revised Code, shall do either of the following:

(1) If the driver of the motor vehicle is traveling on a highway that consists of at least two lanes that carry traffic in the same direction of travel as that of the driver's motor vehicle, the driver shall proceed with due caution and, if possible and with due regard to the road, weather, and traffic conditions, shall change lanes into a lane that is not adjacent to that of the stationary public safety vehicle, an emergency vehicle, or a road service vehicle.

(2) If the driver is not traveling on a highway of a type described in division (A)(1) of this section, or if the driver is traveling on a highway of that type but it is not possible to change lanes or if to do so would be unsafe, the driver shall

proceed with due caution, reduce the speed of the motor vehicle, and maintain a safe speed for the road, weather, and traffic conditions.

(B) This section does not relieve the driver of a public safety vehicle, an emergency vehicle, or a road service vehicle from the duty to drive with due regard for the safety of all persons and property upon the highway.

(C) No person shall fail to drive a motor vehicle in compliance with division (A)(1) or (2) of this section when so required by division (A) of this section.

(D)(1) Except as otherwise provided in this division, whoever violates this section is guilty of a minor misdemeanor. If, within one year of the offense, the offender previously has been convicted of or pleaded guilty to one predicate motor vehicle or traffic offense, whoever violates this section is guilty of a misdemeanor of the fourth degree. If, within one year of the offense, the offender previously has been convicted of two or more predicate motor vehicle or traffic offenses, whoever violates this section is guilty of a misdemeanor of the third degree.

(2) Notwithstanding section 2929.28 of the Revised Code, upon a finding that a person operated a motor vehicle in violation of division (C) of this section, the court, in addition to all other penalties provided by law, shall impose a fine of two times the usual amount imposed for the violation.

{¶7} In resolving Jacobs' first assignment of error, it is important to examine the specific procedural history of this case. The charging instrument in this case was the traffic citation issued to Jacobs on June 21, 2011. While the citation noted that the violation occurred "upon a public highway, namely St. Rt. 8 [northbound]," it did not specify a specific subsection of R.C. 4511.213. Jacobs filed her motion to dismiss on the basis that R.C. 4511.213 was void for vagueness. In support of her motion, Jacobs advanced arguments pertaining to both R.C. 4511.213(A)(1) and (A)(2). Jacobs also asserted that based on the vague language in R.C. 4511.213(A)(1) and (A)(2), the degree of the offense should never be enhanced due to subsequent violations as provided by R.C. 4511.213(D)(1). In the magistrate's decision denying Jacobs' motion, the magistrate stated, "As Defendant was cited while operating her vehicle upon a multi-lane highway, R.C. 4511.213(A)(1) is the relevant portion of the statute. Accordingly, R.C. 4511.213(A)(2) is irrelevant and its constitutionality will not be considered."

{¶8} In her objections to the magistrate's decision, Jacobs challenged the magistrate's finding that R.C. 4511.213(A)(1) was the only portion of the statute applicable in this case. This Court has repeatedly held that "in considering an appeal from the trial court's judgment overruling objections to a magistrate's decision, we review the actions of the trial court, not the actions of the magistrate." *Olson v. Newhouse*, 9th Dist. Summit No. 24755, 2010-Ohio-1349, ¶ 22, citing *Citibank (South Dakota) N.A. v. Masters*, 9th Dist. No. Medina 07CA0073-M, 2008-Ohio-1323, ¶ 9. In its September 21, 2011 order, the trial court indicated that it had reviewed the magistrate's decision, the objections thereto, and the case file. Upon review of the objections, the trial court conducted a de novo analysis of R.C. 4511.213 in its entirety, and determined that the motion to dismiss should be denied. Unlike the magistrate's decision, the trial court did not limit its analysis to R.C. 4511.213(A)(1). Thus, the trial court specifically responded to Jacobs' objection and reviewed the statute in its entirety. In light of the trial court's independent review of the constitutionality of the entire statutory scheme set forth in R.C. 4511.213, Jacobs' assignment of error is without merit.

{¶9} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE MAGISTRATE ERRED BY FINDING [R.C.] 4511.213 WAS NOT VOID FOR VAGUENESS UNDER THE OHIO AND U.S. CONSTITUTIONS.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY FAILING TO FIND [R.C.] 4511.213 WAS UNCONSTITUTIONALLY VAGUE UNDER THE CONSTITUTIONS OF OHIO AND THE UNITED STATES.

{¶10} In her second and third assignments of error, Jacobs contends that the trial court erred in concluding that R.C. 4511.213 was not void for vagueness, in violation of both the United States Constitution as well as the Ohio Constitution. Specifically, Jacobs contends that

R.C. 4511.213 provides neither a manageable standard for a driver to know what is permitted and what is prohibited, nor does it provide a manageable standard for a court to determine a driver's guilt. This Court disagrees.

{¶11} Legislative enactments are afforded a strong presumption of constitutionality. *State v. Collier*, 62 Ohio St.3d 267, 269 (1991). When possible, statutes are to be construed in favor of conformity with the Ohio and United States Constitutions. *Id.* A party asserting that a statute is unconstitutional must prove that the statute is unconstitutional beyond a reasonable doubt. *Id.*

{¶12} When asserting that a statute is unconstitutional because it is void for vagueness, the challenging party must show that, after an examination of the statute, a person of ordinary intelligence would not be able to understand what he or she is required to do under the law. *State v. Schneider*, 9th Dist. Medina No. 06CA0072-M, 2007-Ohio-2553, ¶ 6, citing *State v. Anderson*, 57 Ohio St.3d 168, 171 (1991). This Court has previously stated:

> In considering a challenge to an ordinance as void for vagueness, a court is required to determine whether the statute: (1) provides sufficient notice of its proscriptions to facilitate compliance by persons of ordinary intelligence and (2) is specific enough to prevent official arbitrariness or discrimination in its enforcement. A statute does not need to avoid all vagueness, and is not void for vagueness simply because it could have been worded more precisely or with additional certainty. Rather, the critical question in all cases is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law.

(Internal citations and quotations omitted). *In re E.D.*, 194 Ohio App.3d 534, 2011-Ohio-4067, ¶ 9 (9th Dist.). As noted above, "a statute does not need to avoid all vagueness." *State v. Stallings*, 150 Ohio App.3d 5, 2002-Ohio-5942, ¶ 12 (9th Dist.), citing *Grayned v. Rockford*, 408 U.S. 104, 110 (1972). "As statutes are restricted to the use of words, there will always be uncertainties because we cannot expect strict certainty from our language. Therefore, a statute

will not be deemed void for vagueness if individuals of ordinary intelligence could comprehend it to the extent that it would fairly inform them as to the generally prohibited conduct." *Stallings* at ¶ 12, citing *Broadrick v. Oklahoma*, 413 U.S. 601, 607 (1973).

{¶13} Jacobs challenges R.C. 4511.213(A)(1) on the basis that the meaning of the phrase "proceed with due caution" is vague and unknowable to a driver of ordinary intelligence, as well as any court that must interpret the statute. Jacobs further contends that it is unreasonable to ask a driver to determine whether it is "possible" to change lanes while exercising due regard for three separate factors, namely the road conditions, the weather, and traffic. With respect to R.C. 4511.213(A)(2), Jacobs contends that the statute requires a driver to "1) change lanes, 2) unless it is unsafe to do so, 3) while proceeding with due caution, and 4) to reduce the vehicle's speed, but 5) not reduce the speed to a level that fails to maintain a safe speed for the road and weather and the traffic." Jacobs asserts that "[t]his is so vague – and possibly contradictory – that a driver of normal intelligence could not know how to comply with the law when approaching a safety vehicle on a road described by the (A)(2) language."

{¶14} While Jacobs contends that the language contained in R.C. 4511.213 is vague and unduly burdensome on drivers, it is not uncommon for traffic statutes to require drivers to exercise due caution when encountering various conditions on the roadways. As early as 1917, the Supreme Court of Ohio upheld a statute which made it a crime to operate a motor vehicle "at a speed greater than is reasonable or proper, having regard for width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person," finding the statute was not unreasonably vague. *State v. Schaeffer*, 96 Ohio St. 215 (1917), paragraph five of the syllabus. The Supreme Court subsequently held that language requiring the operator of a motor vehicle to exercise "due regard for the safety and rights of

pedestrians and drivers and occupants of all other vehicles" simply means that a driver must "operate his motor vehicle in the same manner as would a reasonably prudent person under similar circumstances." *State v. Martin*, 164 Ohio St. 54, 58-59 (1955). In more recent years, the Sixth District upheld the constitutionality of R.C. 4511.34, concluding that statutory language prohibiting the operator of a motor vehicle from following another vehicle "more closely than is reasonable and prudent, having due regard for the speed of such vehicle * * * and the traffic upon and the condition of the highway," was not unconstitutionally vague. *State v. Gonzales*, 43 Ohio App.3d 59, 60 (6th Dist.1987). In reaching this conclusion, the court recognized that "* * * the statute is merely a traffic regulation which has for its standard the rule of reason. Traffic circumstances vary greatly. A more specific regulation would not adequately safeguard the public." *Id*. at 61. Similarly, this Court upheld a local ordinance requiring a driver making a right turn at an intersection to make the turn "as close as practicable to the right-hand curb or edge of the roadway." *State v. Bard*, 9th Dist. Summit No. 17931, 1997 WL 193552 (Apr. 16, 1997). In determining that the phrase "as close as practicable" was not unconstitutionally vague, this Court acknowledged that while the circumstances of each case will vary, the language of the statute was sufficient to put a driver of ordinary intelligence on notice as to the acceptable range of conduct. Id.

{¶15} Here, the mandates contained in R.C. 4511.213 are readily ascertainable upon review of the statute's language. R.C. 4511.213(A)(1) is applicable in circumstances where a driver is traveling on a highway that consists of at least two lanes carrying traffic in the same direction, and requires that drivers exercise a reasonable amount of caution when approaching a stationary public safety vehicle, emergency vehicle, or road service vehicle. Upon taking notice of the stationary vehicle, drivers are required to change lanes into a lane that is not adjacent to

the stationary vehicle, unless there are road, weather, or traffic conditions that would makes changing lanes unsafe. R.C. 4511.213(A)(2) is applicable under circumstances where a driver approaches a stationary public safety vehicle while traveling on a road that is not a multi-lane highway, or when a driver is traveling on a multi-lane highway, but changing lanes is not possible. Under these circumstances, when changing lanes is not an option, a driver is required to exercise caution by reducing his or her speed to a reasonable rate while remaining mindful of the road, weather, and traffic conditions. In essence, the statutory scheme requires drivers approaching stationary public safety vehicles to change lanes when possible, and when changing lanes is not possible, to reduce the vehicle's rate of speed. When taking either action, drivers must to remain vigilant of road, weather, and traffic conditions in order to ensure public safety. Such a requirement is reasonable given the large extent to which road conditions vary. Thus, as R.C. 4511.213 affords a reasonable individual of ordinary intelligence fair notice of how to conform his or her conduct to the law, it is not unconstitutionally vague.

{¶16} Jacobs' second and third assignments of error are overruled.

III.

{¶17} Jacobs' assignments of error are overruled. The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


_____
DONNA J. CARR
FOR THE COURT


BELFANCE, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

DONALD GALLICK, Attorney at Law, for Appellant.

BRIAN REALI, Law Director, and AMBER K. ZIBRITOSKY, Deputy Law Director, for Appellee.