[Cite as *Delaware v. Boggs*, 2018-Ohio-4677.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CITY OF DELAWARE | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 18 CAC 030027 |
| | : | |
| SEAN T. BOGGS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Delaware Municipal
                                Court, Case No. 17 CRB 02695



JUDGMENT:                       AFFIRMED



DATE OF JUDGMENT ENTRY:         November 19, 2018



APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

CHRISTOPHER E. BALLARD                      ALEX J. POMERANTS
ASSISTANT CITY PROSECUTOR                   1141 South High Street
70 North Union Street                       Columbus, OH 43206
Delaware, OH 43015

*Delaney, J.*

{¶1} Defendant-Appellant Sean T. Boggs appeals the February 27, 2018 judgment entry of the Delaware Municipal Court.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On September 26, 2017 through September 27, 2017, Defendant-Appellant Sean T. Boggs sent a series of messages to his ex-paramour, E.M. through the Facebook Messenger application. Boggs' messages to E.M. regarded Boggs' desire to see the couple's child. E.M. responded to the messages and explained she did not want Boggs to see their child. During the parties' conversation through the Facebook Messenger application, E.M. told Boggs to stop messaging her. Boggs continued to send E.M. messages about his desire to see their child through Facebook Messenger after E.M. told him to stop. E.M. repeatedly told Boggs to stop messaging her and threatened to call the police. Boggs eventually ended the conversation.

{¶3} On September 29, 2017, Boggs was charged via complaint with one count of Telecommunications Harassment, a first-degree misdemeanor in violation of R.C. 2917.21(A)(5).

{¶4} Boggs filed a motion to dismiss. In his motion to dismiss, he argued there was insufficient evidence and the statute was unconstitutionally vague. The trial court denied the motion.

{¶5} On February 27, 2018, Boggs entered a plea of no contest to the charge on stipulated facts:

On September 26, 2017 through September 27, 2017, in Delaware County,

Ohio, Defendant Sean T. Boggs sent messages to [E.M.] via the Facebook

Messenger application. Attached to this motion are printouts of screen captures of the messages on [E.M.]'s smartphone, with pages numbered for clarity. As depicted in Exhibit 1, Boggs continued to send messages and emojis after [E.M.] messaged him to cease, including after she stopped responding to him on pg. 3. Boggs stated to a Delaware Police Officer on September 27, 2017, that he was aware that [E.M.] had told him to stop messaging her.

{¶6}   On February 27, 2018, the trial court accepted the no contest plea and found Boggs guilty of violating R.C. 2917.21(A)(5). The trial court sentenced Boggs to a suspended sentence of 180 days in jail and a $200.00 fine. He was ordered to have no contact with E.M.

{¶7}   It is from this judgment Boggs now appeals.

## ASSIGNMENTS OF ERROR

{¶8}   Boggs raises two Assignments of Error:

{¶9}   "I. THE OHIO REVISED CODE AS WRITTEN, O.R.C. 2917.21(A)(5), IF APPLIED TO THIS CASE AND THE FACTS TAKEN MOST FAVORITE TO THE STATE OF OHIO, REQUIRE A DISMISSAL OF THE CASE AS THEY DO NOT SUPPORT A FINDING OF GUILTY.

{¶10} "II. THE OHIO REVISED CODE AS WRITTEN, O.R.C. 2917.21(A)(5), IS UNCONSTITUTIONAL AS BEING VAGUE AND AMBIGUOUS."

**ANALYSIS**

**I. SUFFICIENCY OF THE EVIDENCE**

{¶11} Boggs argues in his first Assignment of Error that his conviction was not supported by the sufficiency of the evidence. We disagree.

{¶12} Boggs was charged with one violation of R.C. 2917.21(A)(5), which states:

(A) No person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller does any of the following:

* * *

(5) Knowingly makes the telecommunication to the recipient of the telecommunication, to another person at the premises to which the telecommunication is made, or to those premises, and the recipient or another person at those premises previously has told the caller not to make a telecommunication to those premises or to any persons at those premises;

{¶13} Boggs argues his conduct did not rise to the level of criminal harassment and therefore the State failed to meet its burden of production under R.C. 2917.21. He referred the trial court to *State v. Ellison*, 178 Ohio App.3d 734, 2008-Ohio-5282, 900 N.E.2d 228 (1st Dist.), wherein the First District Court of Appeals found the defendant's postings on MySpace did not meet the elements of telecommunications harassment under R.C. 2917.21(B). R.C. 2917.21(B) provides that "[n]o person shall make or cause to be made a telecommunication, or permit a telecommunication to be made from a

telecommunications device under the person's control, with purpose to abuse, threaten, or harass another person." The court examined the definition of harassment and found the State failed to establish the defendant had a specific purpose to harass.

{¶14} In this case, Boggs was not charged with a violation of R.C. 2917.21(B). Boggs was charged with a violation of R.C. 2917.21(A)(5), which does not require the State to prove the defendant had a specific purpose to harass. Under R.C. 2917.21(A)(5), the State must establish the defendant knowingly made a telecommunication to the recipient and the recipient previously told the defendant not to make a telecommunications to the recipient.

{¶15} Sufficiency of the evidence is a legal question dealing with whether the state met its burden of production at trial. *State v. Murphy*, 5th Dist. Stark No. 2015CA00024, 2015–Ohio–5108, ¶ 13, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *Murphy* at ¶ 15. The test for sufficiency of the evidence raises a question of law and does not permit the court to weigh the evidence. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶16} The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Murphy* at ¶ 15, citing *Thompkins* at 386.

{¶17} The weight to be given the evidence introduced at trial and the credibility of the witnesses are primarily for the trier of fact to determine. *State v. Thomas*, 70 Ohio St.2d 79, 434 N.E.2d 1356 (1982), syllabus. It is not the function of an appellate court to substitute its judgment for that of the factfinder. *State v. Jenks*, 61 Ohio St.3d 259, 279, 574 N.E.2d 492 (1991).

{¶18} Boggs did not provide a transcript of the February 27, 2018 proceeding before the trial court. Since Boggs has not provided a transcript, we must presume the regularity of the proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Pursuant to R.C. 2937.07, "[a] plea to a misdemeanor offense of 'no contest' * * * shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. The stipulation of facts in this case served as the explanation of the circumstances of the offense. Based on our review of the stipulation of facts, we find there was sufficient evidence to support the criminal conviction under R.C. 2917.21(A)(5). R.C. 2917.21(A)(5) prohibits a person from continuing to make telecommunications after the recipient has told the caller to stop. In this case, Boggs was aware that E.M. told him to stop messaging her, but he continued to message her after she told him to stop.

{¶19} The first Assignment of Error is overruled.

## II. CONSTITUTIONALITY OF R.C. 2917.21(A)(5)

{¶20} Boggs argues in his second Assignment of Error that R.C. 2917.21(A)(5) is unconstitutionally vague and overbroad. The statute states:

(A) No person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller does any of the following:

(5) Knowingly makes the telecommunication to the recipient of the telecommunication, to another person at the premises to which the telecommunication is made, or to those premises, and the recipient or another person at those premises previously has told the caller not to make a telecommunication to those premises or to any persons at those premises;

Boggs contends R.C. 2917.21(A)(5) is vague and unconstitutional because the term "premises" is not defined by the statute. In this case, Boggs utilized the Facebook Messenger application to communicate with E.M. Boggs contends the statute does not define "premises" and therefore does not include the internet and/or the Facebook Messenger application as "premises." Boggs has not provided this Court with any authority to support his position that the lack of definition for "premises" renders R.C. 2917.21(A)(5) unconstitutionally void.

{¶21} Legislative enactments are afforded a strong presumption of constitutionality. *State v. Collier* (1991), 62 Ohio St.3d 267, 269, 581 N.E.2d 552. When possible, statutes are to be construed in favor of conformity with the Ohio and United States Constitutions. *Id.* A party asserting a statute is unconstitutional must prove the statute is unconstitutional beyond a reasonable doubt. *Id.*

{¶22} The critical question in all cases as to void for vagueness is whether the law affords a reasonable individual of ordinary intelligence fair notice and sufficient definition and guidance to enable him to conform his conduct to the law. *City of Norwood v. Horney,* 110 Ohio St.3d 353, 380, 853 N.E.2d 1115 (2006).

{¶23} R.C. 2917.21(A)(5) prohibits a person from continuing to make telecommunications after the recipient has told the caller to stop. R.C. 2913.01(X) defines "telecommunication" as "the origination, emission, dissemination, transmission, or reception of data, images, signals, sounds, or other intelligence or equivalence of intelligence of any nature over any communications system by any method, including, but not limited to, a fiber optic, electronic, magnetic, optical, digital, or analog method." "Telecommunications device" means any instrument, equipment, machine, or other device that facilitates telecommunication, including, but not limited to, a computer, computer network, computer chip, computer circuit, scanner, telephone, cellular telephone, pager, personal communications device, transponder, receiver, radio, modem, or device that enables the use of a modem. R.C. 2913.01(Y).

{¶24} The language of R.C. 2917.21(A)(5) and the statutory definitions of "telecommunication" and "telecommunications device" includes a wide-variety of telecommunications. The issue is whether R.C. 2917.21(A)(5) affords a reasonable person of ordinary intelligence fair notice and sufficient definition and guidance that a person is prohibited from continuing to telecommunicate with a recipient after the recipient tells the person to stop the telecommunications. Boggs has failed to prove beyond a reasonable doubt that the lack of definition for "premises" renders R.C. 2917.21(A)(5) unconstitutionally void for vagueness.

{¶25} The second Assignment of Error is overruled.

## CONCLUSION

{¶26} The judgment of the Delaware Municipal Court is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Baldwin, J., concur.